## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| LUCAS LONGENECKER | : | |
| 64 Church Street, Apt A | : | |
| Seven Valleys, PA 17360 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| MI WINDOWS & DOORS, LLC. | : | |
| 650 West Market Street | : | |
| Gratz, PA 17030 | : | |
| | : | |
| Defendant. | : | |

### CIVIL ACTION COMPLAINT

And now Plaintiff, LUCAS LONGENECKER, by and through his undersigned counsel, files this Complaint alleging that his rights, pursuant to the Americans with Disabilities Act and its 2008 amendments ("ADA"), 42 U.S.C. § 12101 *et seq*., have been violated and avers as follows:

### PARTIES

A. The Plaintiff

1.      Plaintiff, Lucas Longenecker ("Longenecker" or "Plaintiff") is an adult individual residing in York County at 64 Church Street , Apartment A, Seven Valleys , PA 17360.

B. The Defendant

2.      Defendant, MI Windows & Doors, LLC. ("MIWD" or "Defendant") is a limited liability company that conducts business out of a facility in Dauphin County at 650 West Market Street; Gratz, PA 17030.

3.      At all times, Defendant employed more than 15 individuals and met the statutory definition of an "employer" as defined by the ADA.

## JURISDICTION AND VENUE

4      This Complaint alleges discrimination on the basis of Longenecker's disability status in violation of the Americans with Disability Act, as amended, 42 U.S.C. §  12101, *et seq*. ("ADA").

5.      Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      This Honorable Court has jurisdiction of this matter, case and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 42 U.S.C. § 2000e-5(f).

7.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

8.      On or about June 11, 2020, Longenecker filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2020-04358 alleging discrimination and wrongful discharge from his employment due to the actions of Defendant.

9.      Longenecker was advised of his individual right to bring a civil action by receiving a Notice of Rights from the EEOC, dated February 1, 2021 (attached hereto as Exhibit "A").

10.      Longenecker has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

OPERATIVE FACTS

11.     On or about January 13, 2020 Defendant hired Longenecker to work as an "Assembler I" at its facility located in Gratz, PA.

12.     Longenecker is also disabled with Cystic Fibrosis.

13.     Despite being disabled with Cystic Fibrosis, Longenecker was capable of performing the essential duties of his position of Assembler I.

14.     On or about February 23, 2021 Longenecker became ill and was hospitalized on account of his Cystic Fibrosis.

15.     On or about March 3, 2020, Longenecker submitted a doctor's note stating that Longenecker was being treated for a genetic medical condition that affects the lungs, and other organ systems.

16.     On March 24, 2020 Dr. Judie Hawrylak wrote a letter to Defendant on Longenecker's behalf. This letter indicated that Longenecker suffered from a genetic medical condition that affects the lungs and other organ systems. The letter further indicated that COVID-19 presented a special risk to individuals such as Longenecker, who have lung diseases. The letter suggested that Longenecker abide by Center for Disease Control and Prevention (CDC) regulations and limit close contact with others. Dr. Hawrylak recommended that Longenecker remain out of work for 2 weeks.

17.     In response, Defendant approved Longenecker for an additional two-week of absence through April 6, 2020.

18.     Upon advice from his doctor, Longenecker requested that Defendant provide him with an additional two-weeks of medical leave, through April 21, 2020. Defendant agreed to this request.

19.     On April 21, 2020 Longenecker spoke with HR Generalist Jill Nye. Longenecker asked Defendant to provide him with a one-week extension of his leave of absence so that he could speak with his physician about returning to work. Ms. Nye granted this request and extended Longenecker's medical leave until April 28, 2020.

20.     In early May, Longenecker received a letter from Defendant. This letter informed Longenecker that if he did not advise Defendant as to his intent to return to work by May 15, 2020, that Defendant would consider Longenecker to have abandoned his job.

21.     Several days later, Longenecker received a letter from Ms. Nye that was dated May 6, 2020. In this letter, Ms. Nye informed Longenecker that he needed to advise Defendant as to intent to return to work. Ms. Nye told Longenecker that Defendant expected a response by May 13, 2020 or Defendant will have considered Longenecker to have resigned his position.

22.     On or about May 8, 2020 Longenecker called Ms. Nye on multiple occasions and left a voicemail in an effort to discuss his return to work status. Neither Ms. Nye nor anyone else with Defendant responded to Longenecker's efforts discuss his return to work status.

23.     Instead, Ms. Nye sent Longenecker a letter dated May 14, 2020 that indicated that Defendant terminated Longenecker's employment.

<u>CAUSES OF ACTION</u>

COUNT I
AMERICANS WITH DISABILITIES ACT

24.     Longenecker incorporates all the preceding paragraphs as if they were set forth at length herein.

25.     Longenecker had actual disabilities that impacted one or more of his major life activities.

26.     Defendant was aware of Longecker's disabilities and regarded his as being disabled.

27.     Longenecker's requests for finite period of medical leave were requests for reasonable accommodations for his disability.  *Vought v. Twin Tier Hosp., L.L.C.*, No. 1:18-CV-1113, 2019 WL 2501470, at *5 (M.D. Pa. June 17, 2019).

28.     Defendant was obligated to engage in the interactive process with Longenecker regarding his request for reasonable accommodations.

29.     Accordingly, Defendant was obligated to engage in a good faith, interactive process in which is assisted Longenecker in seeking accommodations for his disability.

30.     Defendant failed to engage in this good faith, interactive process with Longenecker.  *See* 42 U.S.C. § 12112(b)(5)(A)-(B).

31.     Had Defendant engaged in the interactive process, Longenecker could have been accommodated.

32.     Defendant could have granted Longenecker an additional, finite period of medical leave. Defendant could also have implemented social distancing measures that would have permitted Longenecker to safely return to work.

33.     Rather than engaging in the interactive process with Longenecker, Defendant terminated his employment.

34.     Defendant impermissibly terminated Longenecker because of his actual disability, record of a disability, or because Defendant regarded Longenecker as disabled.

35.     Additionally, Defendant impermissibly retaliated against Longenecker for requesting reasonable accommodations.

5

**WHEREFORE,** Plaintiff, Lucas Longenecker, demands judgment in his favor and against Defendant, in an amount in excess of $150,000.00 together with:

A.   Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering

B.   Attorneys' fees and costs of suit;

C.   Punitive damages;

D.   Interest, delay damages; and,

E.   Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: /s/ Brian M. Doyle (PA Id. 319475)__
    **BRIAN M. DOYLE, ESQUIRE**
    Two Penn Center
    1500 JFK Boulevard, Suite 1240
    Philadelphia, PA 19102
    Attorney for Plaintiff, Lucas Longenecker

Date: 4/5/2021

## <u>VERIFICATION</u>

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.S § 4904, relating to unsworn falsification to authorities.

04/05/2021

Date

Lucas Longenecker

7