IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUCAS LONGENECKER,** | : | **Civil No. 1:21-cv-0625** |
| **Plaintiff,** | : | |
| v. | : | |
| **MI WINDOWS & DOORS, LLC,** | : | |
| **Defendant.** | : | **Judge Sylvia H. Rambo** |

# O R D E R

**AND NOW**, this 20th day of October, 2021, with the magistrate judge having reported to the court that this matter has settled following mediation, it is hereby **ORDERED** that all deadlines in the above-captioned action are **STAYED**, the Clerk of Court is directed to mark this matter **CLOSED** for statistical purposes only, and the parties shall, as soon as practicable, submit an appropriate dismissal filing in accordance with Federal Rule of Civil Procedure 41(a).[1]

s/Sylvia H. Rambo<br>
Sylvia H. Rambo<br>
United States District Judge

---

[1] Rule 41 contemplates three methods of dismissal. Before an answer or summary judgment motion has been filed, an action can be dismissed by a notice of dismissal signed by the plaintiff alone. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). After an answer or motion for summary judgment has been filed, the parties can dismiss a case by filing a stipulation of dismissal signed by all parties to have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Either of these filings operates to close the case and end the court's jurisdiction without further court action. For any dismissal that is conditional or otherwise requires court approval, including, for example, a request that the court retain jurisdiction for a specific period of time for enforcement of the settlement, the plaintiff shall submit a motion to dismiss setting forth the requested terms for dismissal, accompanied by a proposed order. *See* Fed. R. Civ. P. 41(a)(2).